**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:24-cv-00030-MR**

| | | |
|---|---|---|
| **JONATHAN DANIEL PIPPINGER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BUNCOMBE COUNTY GOVERNMENT** | ) | |
| **COMPLEX,** | ) | **ORDER** |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte*.

The pro se incarcerated Petitioner filed this action pursuant to 28 U.S.C. § 2241. [Doc. 1]. The Petitioner did not pay the filing fee or file an application to proceed in forma pauperis. On January 30, 2024, the Clerk entered a Notice of Deficiency granting the Petitioner 21 days within which to pay the filing fee or to file an application to proceed in forma pauperis. [Doc. 2]. The Petitioner was cautioned that, "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute." [Id. at 1]. The Petitioner has failed to pay the filing fee or to file an application to proceed in forma pauperis, and the time to do so has expired.

The Petitioner appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 11, 2024

Martin Reidinger
Chief United States District Judge